## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MARION ALLEN WHITTEN, JR., | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No. CIV-24-229-RAW-GLJ |
| | ) | |
| MCCURTAIN COUNTY JAIL TRUST; | ) | |
| LARRY HENDRIX, individually and in | ) | |
| his official capacity; TRENT | ) | |
| MITCHELL; JOE EBERT; and | ) | |
| TYLER SIVARDS, individually, | ) | |
| | ) | |
| **Defendants.** | ) | |

## REPORT AND RECOMMENDATION

This matter comes before the Court on motions for partial dismissal and/or total dismissal by all remaining Defendants in this case. Plaintiff Marion Allen Whitten sues, *inter alia*, former jailer Joe Ebert, alleging various Fourth and Fourteenth Amendment violations pursuant to 42 U.S.C. § 1983, arising out of his incarceration at the McCurtain County Jail in Idabel, Oklahoma. Ebert moves for partial dismissal of Plaintiff's claims against him. For the reasons set forth below, the undersigned Magistrate Judge recommends that the Partial Motion to Dismiss and Brief in Support of Defendant Joe Ebert [Docket No. 73] be GRANTED.

## PROCEDURAL HISTORY & BACKGROUND

Plaintiff filed this case on July 5, 2024 [Docket Nos. 1-2], naming the McCurtain County Jail Trust ("MCJT"); Larry Hendrix, in his individual capacity and in his official

capacity as McCurtain County Jail Administrator; Trent Mitchell, a jailer; Ebert; Tyler Sivard, individually and in his official capacity; and James McMillen, jailer and Assistant Jail Administrator. The Court referred this case to the undersigned Magistrate Judge for all pretrial and discovery matters, pursuant to 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72 [Docket No. 49]. Upon invitation by the Court, Plaintiff filed his First Amended Complaint on March 5, 2025, which no longer named Tyler Sivard in his official capacity [Docket No. 68]. Each remaining Defendant now moves for partial or full dismissal of the First Amended Complaint [Docket Nos. 70-73].

In broad terms, Plaintiff alleges two separate instances in which force was used against him at MCJT. Plaintiff alleges the first incident occurred on January 1, 2022, when he and Ebert had an argument, at which time Ebert and Sivard escorted him out of his cell and placed him in a restraint chair. Docket No. 68, pp. 13-14, ¶¶ 79-83. Plaintiff asserts that, immediately after he was placed in the restraint chair, Ebert "unnecessarily and without provocation began to beat Plaintiff about the head and body striking him several times," such as to constitute excessive force. *Id.*, ¶¶ 83, 85-89. He alleges Sivard was present but did nothing to intervene and did not report it. *Id.*, ¶¶ 84-85, 89, 92. Four days later, Ebert failed to report to work, which was sufficient to consider him terminated. *Id.*, p. 15, ¶¶ 99, 102. Plaintiff alleges he attempted to file grievances, but that they were destroyed or misplaced, but that McMillen interviewed him on January 24, 2022, regarding the incident and the unanswered grievances. *Id.*, ¶¶ 100-101.

The second incident occurred in April 2022, after Plaintiff "attempted to gain the attention of jailers by tapping the isolation cell camera," in order to ask about his previous

grievances. *Id.*, p. 20, ¶ 127-127. Plaintiff alleges that, in response, Mitchell assaulted him with the JPX 4 Jet Defender pepper ball gun and again locked him in the isolation cell, making him wait thirty minutes before allowing him to shower and "humiliating him while laughing aloud." *Id.*, ¶ 129-130. In the immediately following paragraphs, Plaintiff refers to the actions of Mitchell, as well as Ebert and Sivard (despite there being no allegation Ebert or Sivard was present for the April 2022 incident). *Id.*, ¶¶ 131-138.

Plaintiff alleges seven causes of action in his First Amended Complaint: (I) § 1983 claim for a Fourth Amendment violation by use of excessive force, as to **Ebert** and Mitchell; (II) § 1983 claim for a Fourth Amendment violation by failing to intervene to prevent or stop the use of excessive force, as to **Ebert**, Mitchell, and Sivard; (III) § 1983 of failing to adequately train, supervise, and/or control, as to Hendrix in his official capacity and MCJT; (IV) § 1983 claim for a Fourteenth Amendment violation by deliberate indifference to serious medical needs of a pretrial detainee, as to Hendrix, Mitchell, McMillen, **Ebert**, and Sivard; (V) § 1983 claim for a Fourteenth Amendment violation by deliberate indifference to health and safety of a pretrial detainee, as to Hendrix, Mitchell, McMillen, **Ebert**, and Sivard; (VI) § 1983 claim for a Fourteenth Amendment violation by use of excessive force against a pretrial detainee, as to Hendrix, Mitchell, McMillen, **Ebert**, and Sivard; and (VII) § 1983 municipal liability claim under *Monell*[1] as to MCJT. Plaintiff's causes of action do not distinguish between the January 2022 and April 2022 incidents. In total, Plaintiff names Ebert in fives claims. All parties, including Ebert, move

---

[1] *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).

to dismiss some or all of the claims against them. After responsive briefing on the motions wherein Plaintiff agreed McMillen should be dismissed, Plaintiff filed a Joint Stipulation of dismissal, dismissing the claims against McMillen with prejudice [Docket Nos. 72, 78-79]. Ebert's motion is now fully ripe.

## Legal Standards

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-557, 570 (2007)). Detailed factual allegations are not required, but the statement of the claim under Rule 8(a)(2) must be "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555 (2007)); *see generally* Fed. R. Civ. P. 8(a)(2) (complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]").

"While the 12(b)(6) standard does not require that Plaintiff establish a prima facie case in h[is] complaint, the elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim." *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012). Thus, the appropriate inquiry is "'whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed.'" *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir.

-4-

2007) (quoting *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007)).  "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement[.]"  *Iqbal*, 556 U.S. at 678.

## ANALYSIS

Ebert contends Plaintiff fails to state a claim against him as to Count IV, denial of medical care in violation of the Fourteenth Amendment.  Additionally, Ebert contends Plaintiff insufficiently pleads that he: (i)  failed to intervene as alleged in Count II, as to both the January and April 2022 incidents; (ii) acted with deliberate indifference to Plaintiff's health and safety during the April 2022 incident, as alleged in Count V; and (iii) engaged in the excessive use of force as to the April 2022 incident, as alleged in Counts I and VI.  In response, Plaintiff alleges he sufficiently pleaded a deliberate indifference claim pursuant to Count IV, but asserts the remaining three arguments should be denied as moot because he did not allege such claims and the Complaint makes clear that Ebert was not even employed at the McCurtain County Jail in April 2022.  The undersigned Magistrate Judge notes, however, that Plaintiff's First Amended Complaint names Ebert in each of these claims, without clarifying a date for the which the allegations apply.[2]  While the First Amended Complaint fails to clarify that the allegations in Count IV against Ebert only apply to the January 2022 incident, the Complaint also states that Ebert was no longer employed by MCJT after January 2022.  *See* Docket No. 68, p. 15, ¶¶ 99, 102.  Because

---

[2] *See* Docket No. 68, pp. 23-24, ¶¶ 152-164; p. 25, ¶¶ 165-169; pp. 33-34, ¶¶ 195-203, pp. 35-36, ¶¶ 204-208.

Plaintiff now concedes the claims related to April 2022 should be dismissed as to Ebert, the undersigned Magistrate Judge RECOMMENDS that Defendant Ebert's motion be GRANTED as to Counts I, II, IV, V, and VI, with regard to the April 2022 incident. Additionally, the undersigned Magistrate Judge RECOMMENDS that Count II be dismissed with regard to the January 2022 incident, given Defendant's accurate contention that it is illogical for Ebert to intervene or stop his own alleged use of force during that incident and Plaintiff's failure to object. Ebert does not move to dismiss Count I (Fourth Amendment excessive force) as to the January 2022 incident, Count V (Fourteenth Amendment deliberate indifference to health and safety of a pretrial detainee) as to the January 2022 incident, or Count VI (Fourteenth Amendment excessive force) as to the January 2022 incident. The sole remaining substantive cause of action to be addressed as to Ebert is therefore Count IV, deliberate indifference to a pretrial detainee's serious medical needs.

Count IV, Deliberate Indifference to Serious Medical Needs, in Violation of the Fourteenth Amendment. As to the January 2022 incident, Ebert contends Plaintiff's First Amended Complaint fails to allege what injuries he suffered during and following the incident, or even that he required medical attention. Ebert correctly asserts Plaintiff only generically asserts injuries as to both the January and April incidents, without distinguishing injuries between the two. Additionally, Ebert argues that Plaintiff does not allege damage from any failure to obtain medical treatment. Based on these failures, Ebert contends he is entitled to qualified immunity on this claim. Plaintiff responds that he sufficiently pleaded that Ebert delivered the beating to Plaintiff that necessitated medical

care, and that Ebert denied such care.

Federal Rule of Civil Procedure 8(a) requires Plaintiff to state his claims "intelligibly" to give fair notice of the claims to opposing parties and the Court. *Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007); *Monument Builders of Greater Kansas City, Inc., v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). Imprecise pleadings undermine the utility of the complaint and violate that purpose of Rule 8. *See Knox v. First Security Bank of Utah*, 196 F.2d 112, 117 (10th Cir. 1952). Additionally, while often stated in the context of a § 1983 claim, individual defendants are not to be lumped together as a group, but should be treated as individuals, each with the Plaintiff's own claims against each individual defendant, based on each individual defendant's own behavior. *See Pahls v. Thomas*, 718 F.3d 1210, 1225 (10th Cir. 2013) (because § 1983 is a "vehicle[] for imposing personal liability on government officials, we have stressed the need for careful attention to particulars, especially in lawsuits involving multiple defendants"); *Robbins v. Okla. ex rel. Dep't of Human Servs.*, 519 F.3d 1242, 1250 (10th Cir. 2008) (stating complaint must "make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him . . . as distinguished from collective allegations") (citing *Twombly*, 550 U.S. at 565 n.10); *Tonkovich v. Kan. Bd. of Regents*, 159 F.3d 504, 532-533 (10th Cir. 1998) (holding district court's analysis of plaintiff's § 1983 claims was "infirm" where district court "lump[ed]" together plaintiff's claims against multiple defendants – "despite the fact that each of the defendants had different powers and duties and took different actions with respect to [plaintiff]" – and "wholly failed to identify specific actions taken by particular

defendants that could form the basis of [a] claim"). *See also Goff v. Hukill*, 2010 WL 2595785, at *7 (N.D. Okla. June 24, 2010) (noting the absence of any allegations regarding each defendants' conduct).

"To state a cognizable claim, Plaintiff must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Strain v. Regalado*, 977 F.3d 984, 989 (10th Cir. 2020) (quotation omitted). "[D]eliberate indifference to a pretrial detainee's serious medical needs includes both an objective and a subjective component[.]" *Id.*; *see also Garcia v. Salt Lake Cnty.*, 768 F.2d 303, 307 (10th Cir. 1985) ("[P]retrial detainees are in any event entitled to the degree of protection against denial of medical attention which applies to convicted inmates. Thus [under the Fourteenth Amendment] it is proper to apply a due process standard which protects pretrial detainees against deliberate indifference to their serious medical needs.").

> To establish the objective component, "the alleged deprivation must be 'sufficiently serious' to constitute a deprivation of constitutional dimension." *Self v. Crum*, 439 F.3d 1227, 1230 (10th Cir. 2006) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). "A medical need is [objectively] serious if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Clark*[ *v. Colbert*, 895 F.3d 1258, 1267 (10th Cir. 2018)] (alteration in original and citation omitted). The subjective component requires Plaintiff to establish that a medical "official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [s]he must also draw the inference." *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005) (alteration in original) (quoting *Farmer*, 511 U.S. at 837).

*Strain*, 977 F.3d at 989-990.

Plaintiff alleges in his First Amended Complaint in Count IV that "MCJT, Hendrix,

Mitchell, McMillen, Ebert, and Sivard had an obligation to meet [his] objective medical needs in a timely fashion[,]" and that "Hendrix, Mitchell, McMillen, Ebert, and Sivard . . . knew that delays in treating [his] serious medical needs, and/or the denial of any such treatment, would likely expose [him] to a substantial risk of serious harm."  Docket No. 68, pp. 28, 30, ¶¶ 182, 184.  He alleges "Hendrix, Mitchell, McMillen, Ebert, and Sivard" were aware of Ebert's assault and Mitchell's assault, and of his "obvious, severe injuries, his outward display of extreme pain, and his repeated requests for medical attention, which Hendrix, Mitchell, McMillen, Ebert, and Sivard, and the other jail personnel ignored."  *Id.*, p. 30, ¶ 185(a)-(c).  He continues, stating that "the above-named Defendants" "[i]gnored the fact that at least four of the conditions that [he] was clearly exhibiting (*i.e.*, severe bleeding, unconsciousness, head injury, and severe pain)—all of which the above-named Defendants observed or about which they were otherwise aware—**each** qualified as an 'emergency' medical condition under MCJ's written policies." *Id.*, p. 31, ¶ 189(c).  As part of Count VI (excessive force against a pretrial detainee), Plaintiff references the excessive force used against him, again without distinguishing between the two incidents, and alleges that excessive force "was a direct and proximate cause of [his] unnecessary physical pain, his emergent physical injuries, the worsening of his condition, the severe emotional distress and mental anguish he suffered, and the hospital, surgical, and other medical expenses he incurred." *Id.*, p. 36, ¶ 208.

To satisfy the objective component, "[t]he plaintiff selects 'what harm to claim.'" *Paugh v. Uintah Cnty.*, 47 F.4th 1139, 1155 (10th Cir. 2022) (quoting *Mata*, 427 F.3d at 753).  The harm in Count IV as to Ebert is unidentified on the face of the First Amended

Complaint. Rather than specify the specific harm caused by Ebert during the January 2022 incident, Plaintiff recites a list of generic conditions[3] using the prefix "*i.e.*," then states "all of which the above-named Defendants observed or about which they were otherwise aware." Docket No. 68, p. 31, ¶ 189(c). This assertion of injury, without specifying the event and the injury (or injuries) attributable to each event, wholly fails to identify the harm Ebert is alleged to have committed during the January 2022 event. *See Robbins*, 519 F.3d at 1250 (Complaint must "make clear exactly who is alleged to have done what to whom, to provide each individual with fair notice as to the basis of the claims against him . . . as distinguished from collective allegations") (citing *Twombly*, 550 U.S. at 565 n.10). Plaintiff therefore fails to satisfy the objective component.

Because Plaintiff fails to identify the harm, he likewise fails to satisfy the subjective component. Because Plaintiff has not identified a harm, he does not and cannot identify what other treatment Ebert should have provided or how such treatment may have provided

---

[3] Ebert asserts in his Reply that even this recitation of injuries is an admitted scrivener's error on the part of Plaintiff, and a direct result of copying and pasting from a different case with the same Plaintiff's counsel. *See* Eastern District of Oklahoma Case No. 22-187-RAW-DES, *Harris v. McCurtain County Jail Trust*, Docket No. 41, p. 30, ¶ 149(c) ("Ignored the fact that at least four of the conditions that Harris was clearly exhibiting (*i.e.*, severe bleeding, unconsciousness, head injury, and severe pain) -- all of which the above-named Defendants observed or about which they were otherwise aware – **each** qualified as an "emergency" medical condition under MCJ's written policies[.]"). Because the claim fails for specificity given the two wholly separate incidents during which different jailers were present, the undersigned Magistrate Judge declines to address this issue. While the undersigned Magistrate Judge may take notice of other publicly-available court records, *see St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979) ("[A] court may . . . take judicial notice, whether requested or not [ ]of its own records and files, and facts which are part of its public records."), consideration of Ebert's assertion that Plaintiff's counsel admitted to this scrivener's error would convert this motion to one for summary judgment. *See Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010) ("If a district court intends to rely on other evidence, it must convert the Rule 12(b)(6) motion to a motion for summary judgment, giving proper notice to the parties.").

a better outcome, *see Strain*, 977 F.3d at 994 ("Plaintiff failed to allege what other treatment Defendants should have provided or how transferring Mr. Pratt to a hospital would have produced a better outcome."), or "how the complaint alleges [Ebert's] subjective awareness of [unidentified and unspecified] serious medical needs." *Id.* at 995. Accordingly, the undersigned Magistrate Judge finds Plaintiff fails to state a claim against Ebert in Count IV as to the January 2022 incident, and recommends that Plaintiff's Count IV as to Ebert be dismissed and that Ebert be granted qualified immunity.

Leave to Amend. Plaintiff requests in his Response that, in the event dismissal is granted, he be given leave to amend his Complaint yet again. Plaintiff first moved to amend the original Complaint on December 31, 2024, following the filing of multiple Motions to Dismiss the original Complaint [Docket Nos. 36, 40-43]. The parties opposed the motion, and the undersigned Magistrate Judge denied the motion without prejudice due to Plaintiff's failure to comply with this Court's Loc. Civ. R. 7.1(k) (requiring the motion to amend "be accompanied by a proposed order submitted pursuant to the ECF Policy Manual which specifically sets forth what is being amended[,]" and attaching "a copy of the signed, proposed amended pleading."). Upon Plaintiff's failure to renew his motion to amend after the original Motions to Dismiss were fully briefed, the undersigned Magistrate Judge nevertheless invited Plaintiff to file an Amended Complaint. Plaintiff attempted to do so on March 4, 2024, but said Amended Complaint was stricken for failure to comply with this Court's instruction to include "[a] redline version of the original complaint ("Complaint") as amended" [Docket Nos. 66-67]. Plaintiff submitted a proper First Amended Complaint as directed by the Court on March 5, 2025 [Docket No. 68]. The

undersigned Magistrate Judge finds that Plaintiff's repeated failure to cure deficiencies by amendments previously allowed adheres in favor of denying any additional opportunities to amend. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (leave to amend may be denied for, *inter alia*, "repeated failure to cure deficiencies by amendments previously allowed[.]").

## CONCLUSION

Accordingly, the undersigned Magistrate Judge hereby RECOMMENDS that Partial Motion to Dismiss and Brief in Support of Defendant Joe Ebert [Docket No. 73] be GRANTED. In the event this Report and Recommendation is adopted in whole, the remaining claims and dismissed claims, *as to Defendant Joe Ebert*, would be set forth as follows:

**Remaining Claims:**

Count I (Excessive Force): As to the January 2022 incident only;
Count V (Deliberate Indifference to Health and Safety of Pretrial Detainee): As to the January 2022 incident only; and
Count VI (Excessive Force, Fourteenth Amendment): As to the January 2022 incident only.

**Dismissed Claims:**

Count I (Excessive Force, Fourth Amendment): As to the April 2022 incident only;
Count II (Failure to Intervene): All claims against Ebert;
Count IV (Deliberate Indifference to Serious Medical Needs): All claims against Ebert.
Count V (Deliberate Indifference to Health and Safety of Pretrial Detainee): As to the April 2022 incident only; and
Count VI (Excessive Force, Fourteenth Amendment): As to the April 2022 incident only.

-12-

**Claims not applicable to Ebert:**

Count III (Failure to Train, supervise, and/or Control)
Count VII (municipal liability).

Any objections to this Report and Recommendation must be filed within fourteen days. *See* 18 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Any objections and response shall each be limited to 10 pages and a reply is permitted only with leave of court upon a showing of good cause.

**DATED** this 13th day of June, 2025.

_____
**GERALD L. JACKSON**
**UNITED STATES MAGISTRATE JUDGE**