IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARION ALLEN WHITTEN, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-24-229-RAW-GLJ |
| | ) |
| MCCURTAIN COUNTY JAIL TRUST; | ) |
| LARRY HENDRIX, individually and in | ) |
| his official capacity; TRENT | ) |
| MITCHELL; JOE EBERT; and | ) |
| TYLER SIVARD, individually, | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

This matter comes before the Court on motions for partial dismissal and/or total dismissal by all remaining Defendants in this case. Plaintiff Marion Allen Whitten sues, *inter alia*, former jailer Tyler Sivard, alleging various Fourth and Fourteenth Amendment violations pursuant to 42 U.S.C. § 1983, arising out of his incarceration at the McCurtain County Jail in Idabel, Oklahoma. Sivard moves to dismiss all of Plaintiff's claims against him. For the reasons set forth below, the undersigned Magistrate Judge recommends that the Defendant Tyler Sivard's Motion to Dismiss Plaintiff's First Amended Complaint and Brief in Support [Docket No. 72] be GRANTED.

## PROCEDURAL HISTORY & BACKGROUND

In broad terms, Plaintiff's First Amended Complaint alleges two separate instances in which excessive force was used against him. Plaintiff alleges the first incident occurred

on January 1, 2022, when he and Defendant Joe Ebert had an argument, at which time Ebert and Sivard escorted him out of his cell and placed him in a restraint chair. Docket No. 68, pp. 13-14, ¶¶ 79-83. Plaintiff asserts that, immediately after he was placed in the restraint chair, Ebert "unnecessarily and without provocation began to beat Plaintiff about the head and body striking him several times," such as to constitute excessive force. *Id.*, ¶¶ 83, 85-89. He alleges Sivard was present but did nothing to intervene and did not report it. *Id.*, ¶¶ 84-85, 89, 92. Four days later, Ebert failed to report to work, which was sufficient to consider him terminated. *Id.*, p. 15, ¶¶ 99, 102.

The second incident occurred in April 2022, after Plaintiff "attempted to gain the attention of jailers by tapping the isolation cell camera," in order to ask about his previous grievances. *Id.*, p. 20, ¶ 127-127. Plaintiff alleges that, in response, jailer Trent Mitchell assaulted him with the JPX 4 Jet Defender pepper ball gun and again locked him in the isolation cell, making him wait thirty minutes before allowing him to shower and "humiliating him while laughing aloud." *Id.*, ¶ 129-130. In the immediately following paragraphs, Plaintiff refers to the actions of Mitchell, as well as Ebert and Sivard (despite there being no allegation Ebert or Sivard was present for the April 2022 incident). *Id.*, ¶¶ 131-138.

Plaintiff first filed suit on these events on January 4, 2023, by filing a pro se prisoner civil rights claim. *See* Eastern District of Oklahoma Case No. CIV-23-005-JFH-GLJ, Docket Nos. 1-2 ("Original Case"). The original Complaint named Defendants MCJT, Larry Hendrix, Joe LNU [Ebert], and J.C. LNU [Original Case, Docket No. 1]. In this Complaint, Plaintiff's sole claim related to the January 2022 incident, alleging that "[Ebert]

was night supervisor, he placed me in a restraint chair, then slapped or hit me on the side of my head, ears[.] Larry Hendrix and J.C. [McMillen] were Jail Administrators at time of incident. I put in 2 grievances that were not answered, never turned in to proper personel [sic]." *Id.*, Docket No. 1, p. 5. As part of that claim, Plaintiff also stated, "Another incident in which I was J.P.X. pepper balled for hitting camera is how I informed proper person of incidence with happened earlier in year of 2022!" *Id*. On January 20, 2023, Plaintiff filed an Amended Complaint, naming Defendants Hendrix, Joe LNU [Ebert], and Mitchell [*Id.*, Docket No. 6]. In this Amended Complaint, Plaintiff's Claim 1 refers to January 2022 and asserts that, "[w]hile working as supervisor at McCurtain County Jail Trust, Joe LNU, ordered me into a restraint chair for spilling gravy on floor after denying a spoon for two days, became angry [and] striked [sic] me on the ears, head a total of 3 time causing hearing damage, psychological damage." *Id.*, Docket No. 6, p. 5. On February 14, 2023, Plaintiff filed a Second Amended Complaint, naming MCJT, Joe Zappala, Hendrix, and J.C. "MacMillon" [*Id.*, Docket No. 8]. Plaintiff's first Claim states, "On or about January 2022, [Plaintiff], a prisoner at [MCJT], was ordered into a restraint chair for asking for a spork. Jailor [sic] Joe Zappala then hit plaintiff on the ears[.]." *Id.*, Docket No. 8, p. 5. The Court granted Plaintiff *in forma pauperis* status in this original case, but ultimately dismissed the case on July 13, 2023, for Plaintiff's failure to pay the initial filing fee and failing to advise the Court of his change of address [Docket Nos. 11, 14].

Plaintiff, represented by counsel, filed the present case on July 5, 2024 [Docket Nos. 1-2] ("Present Case"), naming the McCurtain County Jail Trust ("MCJT"); Hendrix, in his individual capacity and in his official capacity as McCurtain County Jail Administrator;

-3-

Mitchell; Ebert; Sivard, individually and in his official capacity; and James McMillen, jailer and Assistant Jail Administrator. The Court referred this case to the undersigned Magistrate Judge for all pretrial and discovery matters, pursuant to 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72 [Docket No. 49]. Upon invitation by the Court, Plaintiff filed his First Amended Complaint on March 5, 2025, which no longer named Sivard in his official capacity [Docket No. 68]. Each remaining Defendant now moves for partial or full dismissal of the First Amended Complaint [Docket Nos. 70-73].

Plaintiff alleges seven causes of action in his First Amended Complaint: (I) § 1983 claim for a Fourth Amendment violation by use of excessive force, as to Ebert and Mitchell; (II) § 1983 claim for a Fourth Amendment violation by failing to intervene to prevent or stop the use of excessive force, as to Ebert, Mitchell, and **Sivard**; (III) § 1983 of failing to adequately train, supervise, and/or control, as to Hendrix and MCJT; (IV) § 1983 claim for a Fourteenth Amendment violation by deliberate indifference to serious medical needs of a pretrial detainee, as to Hendrix, Mitchell, McMillen, Ebert, and **Sivard**; (V) § 1983 claim for a Fourteenth Amendment violation by deliberate indifference to health and safety of a pretrial detainee, as to Hendrix, Mitchell**,** McMillen, Ebert, and **Sivard**; (VI) § 1983 claim for a Fourteenth Amendment violation by use of excessive force against a pretrial detainee, as to Hendrix, Mitchell, McMillen, Ebert, and **Sivard**; and (VII) § 1983 municipal liability claim under *Monell*[1] as to MCJT. After responsive briefing on the motions wherein Plaintiff agreed McMillen should be dismissed, Plaintiff filed a Joint Stipulation of

---

[1] *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).

dismissal, dismissing the claims against McMillen with prejudice [Docket Nos. 72, 78-79]. Plaintiff's First Amended Complaint, like the Original Case, is based on the two main incident from January and April 2022, but Plaintiff's causes of action do not distinguish between the January 2022 and April 2022 incidents instead lumping the actors together. In total, Plaintiff names Sivard in four claims. Sivard moves to dismiss all of the claims against him.

## Legal Standards

Federal Rule of Civil Procedure 8(a) requires Plaintiff to state his claims intelligibly to give fair notice of the claims to opposing parties and the Court. *Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007); *Monument Builders of Greater Kansas City, Inc., v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). Imprecise pleadings undermine the utility of the complaint and violate that purpose of Rule 8. *See Knox v. First Security Bank of Utah*, 196 F.2d 112, 117 (10th Cir. 1952). Additionally, while often stated in the context of a § 1983 claim, individual defendants are not to be lumped together as a group, but should be treated as individuals, each with the Plaintiff's own claims against each individual defendant, based on each individual defendant's own behavior. *See Pahls v. Thomas*, 718 F.3d 1210, 1225 (10th Cir. 2013) (because § 1983 is a "vehicle[ ] for imposing personal liability on government officials, we have stressed the need for careful attention to particulars, especially in lawsuits involving multiple defendants."); *Robbins v. Okla. ex rel. Dep't of Human Servs.*, 519 F.3d 1242, 1250 (10th Cir. 2008) (stating complaint must "make clear exactly who is alleged to have done what to whom, to provide each individual with fair notice as to the basis of the claims against

him . . . as distinguished from collective allegations") (citing *Twombly*, 550 U.S. at 565 n.10,); *Tonkovich v. Kan. Bd. of Regents*, 159 F.3d 504, 532-533 (10th Cir. 1998) (holding district court's analysis of plaintiff's § 1983 claims was "infirm" where district court "lump[ed]" together plaintiff's claims against multiple defendants – "despite the fact that each of the defendants had different powers and duties and took different actions with respect to [plaintiff]" – and "wholly failed to identify specific actions taken by particular defendants that could form the basis of [a] claim"). *See also Goff v. Hukill*, 2010 WL 2595785, at *7 (N.D. Okla. June 24, 2010) (noting the absence of any allegations regarding each defendants' conduct).

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-557, 570 (2007)). Detailed factual allegations are not required, but the statement of the claim under Rule 8(a)(2) must be "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555 (2007)); *see generally* Fed. R. Civ. P. 8(a)(2) (complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]").

"While the 12(b)(6) standard does not require that Plaintiff establish a prima facie case in h[is] complaint, the elements of each alleged cause of action help to determine

whether Plaintiff has set forth a plausible claim." *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012). Thus, the appropriate inquiry is "'whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed.'" *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007) (quoting *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007)). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement[.]" *Iqbal*, 556 U.S. at 678.

## ANALYSIS

Sivard contends Plaintiff's claims against him are all barred by the statute of limitations and are not saved by either the Oklahoma's "savings statute," 12 Okla. Stat. § 100, or by the "discovery rule." Additionally, he contends Plaintiff fails to state a claim against him and that he is therefore entitled to qualified immunity.

A. <u>Statute of Limitations and Oklahoma's Savings Statute</u>.

The statute of limitations for § 1983 cases is determined by state law; in Oklahoma, it is two years. *See Herrera v. City of Espanola,* 32 F.4th 980, 989 (10th Cir. 2022) ("[A] federal court looks to the law of the forum state to determine the applicable statute of limitations for a § 1983 action. Typically, this entails looking toward the state statute of limitations for personal injury claims."); *Lawson v. Okmulgee Cnty. Crim. Just. Auth.*, 726 Fed. Appx. 685, 690 (10th Cir. 2018) ("We have determined, as a matter of law, that every § 1983 claim is in essence an action for injury to personal rights, and thus apply the most analogous Oklahoma statute, which provides a two-year limitations period.") (quotation

omitted) (citing Okla. Stat. tit. 12, § 95(A)(3) ("Civil actions . . . can only be brought within [two years] after the cause of action shall have accrued, and not afterwards . . . for injury to the rights of another."). The accrual date, in contrast, is a matter of federal law and determined "when the plaintiff can file suit and obtain relief." *Herrera*, 32 F.4th at 990 (internal quotations omitted). Plaintiff alleges the first incident with Ebert and Sivard took place on January 1, 2022, meaning that Plaintiff originally had until January 1, 2024, in which to file a lawsuit on that claim. In the Original Case, Plaintiff neither identified Sivard by name nor indicated that another jailer was present during the January 2022 incident but failed to intervene. Case No. CIV-23-5-JFH-GLJ, Docket Nos. 14-15. Sivard therefore contends that the statute of limitations ran on January 1, 2024, and the claims against him, filed in this case on July 5, 2024, are outside the statute of limitations and must be dismissed. *Herrera*, 32 F.4th at 991 ("If from the complaint, the dates on which the pertinent acts occurred are not in dispute, [then] the date a statute of limitations accrues is . . . a question of law suitable for resolution at the motion to dismiss stage.") (quotation omitted). Defendant argues that neither Oklahoma's savings statute, nor the discovery rule for tolling, save the claims against Sivard. The undersigned Magistrate Judge agrees that if no other rule operates to make Plaintiff's case timely, his claims as to Sivard are subject to dismissal as outside the statute of limitations.

"Oklahoma's savings statute, 12 Okla. Stat. tit. § 100, affords civil plaintiffs an additional year to refile if a case fails other than on the merits after the original limitations period has expired." *Eastom v. City of Tulsa*, 563 Fed. Appx. 595, 596 (10th Cir. 2014) (citing *Twashakarris, Inc. v. INS,* 890 F.2d 236, 237 (10th Cir. 1989); *Grider v. USX Corp.,*

1933 OK 13, ¶ 6, 847 P.2d 779, 783). The Tenth Circuit has applied Oklahoma's savings statute to § 1983 claims. *See Eastom v. City of Tulsa*, 783 F.3d 1181, 1184 (10th Cir. 2015) (citations omitted). Plaintiff concedes that the savings statute is not applicable because he did not name or identify Sivard in the original case. He instead contends that the discovery rule operates such that the statute of limitations did not begin to run until June 14, 2024.

"[S]tate law governs the application of tolling in a civil rights action." *Alexander v. Oklahoma*, 382 F.3d 1206, 1217 (10th Cir. 2004). Oklahoma's discovery rule allows the tolling of the statute of limitations "until an injured party knows of, or *in the exercise of reasonable diligence,* should have known of or discovered the injury, and resulting cause of action." *Id.* (quotation omitted). Plaintiff alleges in his First Amended Complaint that, despite the exercise of reasonable diligence, he did not know of Sivard's name or involvement until counsel in the Present Case met with him June 14, 2024, and showed him McMillen's Investigative Report as to the January 2022 incident. *Id.*, pp. 17-19, ¶¶ 109-110, 115-120. Plaintiff alleges that he instructed his counsel to name Sivard as a co-defendant on that day. *Id.*, p. 19, ¶ 122. Additionally, he alleges McMillen initiated an investigation after January 24, 2022, and that McMillen knew Sivard had been present for the January 2022 incident but that McMillen never told Plaintiff Sivard was present. *Id.*, ¶¶ 11-113.

Sivard alleges that Plaintiff's First Amended Complaint is internally inconsistent because it alleges Sivard helped to escort Plaintiff out of his cell and place him in the restraint chair and that Ebert "immediately" began the assault. *Id.*, p. 14, ¶¶ 82-83. Sivard contends this means that Plaintiff was improbably both aware of Sivard's presence one

-9-

moment and unaware the next. In a footnote, Sivard also points out that the fourth claim in Plaintiff's Amended Complaint in the Original Case alleges that FBI agents showed him video footage of the January 2022 incident in September or October 2022, implying he should have been aware of Sivard by at least this time frame. Case No. CIV-23-005-JFH-GLJ, Docket No. 6, p. 6. The undersigned Magistrate Judge declines to consider the information contained in this footnote, as doing so would convert the motion to one for summary judgment and require notice to the parties. *See, e. g., Alvarado v. KOB-TV, LLC*, 493 F.3d 1210, 1215 (10th Cir. 2007) ("In general, a motion to dismiss should be converted to a summary judgment motion if a party submits, *and the district court considers*, materials outside the pleadings.") (emphasis added).

Setting aside the information in the footnote, Sivard contends that Plaintiff was immediately aware of his alleged injury and the potential for claims, citing the Tenth Circuit in support: "[A] plaintiff need not have conclusive evidence of the cause of an injury in order to trigger the statute of limitations[; r]ather, we focus on whether the plaintiff knew of facts that would put a reasonable person on notice that wrongful conduct caused the harm." *Alexander*, 382 F.3d at 1216. In *Alexander*, the Tenth Circuit specifically rejected the proposition that "a plaintiff [must have] detailed knowledge of the level of culpability of each of the actors involved." *Id*. "In this context, a plaintiff must use reasonable diligence in seeking to discover facts giving rise to a claim for relief." *Id*. Sivard claims Plaintiff failed to plead sufficient facts demonstrating he was unaware of his injuries, or that he had some other legal impediment to bringing suit, because the harm claimed was immediately ascertainable.

Plaintiff alleges he exercised reasonable diligence and did not discover Sivard's involvement until June 2024, in part because McMillen's investigation results were not relayed to him. He further contends that whether he exercised reasonable diligence is a question for the jury and not appropriate at this stage of the case. Plaintiff alleges no facts supporting the conclusory statement that he exercised reasonable diligence in his First Amended Complaint. *See Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) ("[I]n ruling on a motion to dismiss, a court should disregard all conclusory statements of law and consider whether the remaining specific factual allegations, if assumed to be true, plausibly suggest the defendant is liable."); *see also Equal Emp. Opportunity Comm'n v. 'Murica, LLC*, 694 F. Supp. 3d 1356, 1362 (D. Colo. 2023) ("In assessing a claim's plausibility, legal conclusions contained in the complaint are not entitled to the assumption of truth.") (citing *Kansas Penn Gaming*, 656 F.3d at 1214).

Plaintiff alleges in his First Amended Complaint that he requested discovery in order to obtain names and video footage, but that his Original Case was dismissed before discovery was conducted. Docket No. 68, p. 18, ¶ 115. Additionally, he alleges "he was unable to ascertain, despite the exercise of due diligence—and otherwise had no reason to know—the name of the additional detention officer (*i.e.* Sivard) who witnessed Ebert's brutal assault[.]" *Id.*, p. 19, ¶ 124. Plaintiff was, however, aware of injury on the day that it happened (January 1, 2022), was aware that Sivard helped escort him to the restraint chair, and was aware by virtue of how it unfolded that no other officers intervened on his behalf. The undersigned Magistrate Judge thus finds that "Plaintiff knew long before []he

-11-

filed suit all the facts necessary to sue and recover damages." *Varnell v. Dora Consol. Sch. Dist.*, 756 F.3d 1208, 1216 (10th Cir. 2014).

While Plaintiff alleges he was unaware of McMillen's undated Investigative Report, he makes no allegation that McMillen or the MCJT engaged in "false, fraudulent or misleading conduct" that led to Plaintiff sitting on his rights. *See Jarvis v. City of Stillwater*, 1987 OK 5, ¶ 4, 732 P.2d 470, 473; *see also Hurt v. Garrison*, 1942 OK 239, ¶¶ 10-13, 133 P.2d 547, 550 (holding a statute of limitations tolled during a period of fraudulent concealment). Further, the Tenth Circuit rejects a reading of the discovery rule that would toll the statute of limitations until a plaintiff becomes aware of each actor's level of involvement. *See Alexander*, 382 F.3d at 1216 ("Taken to its logical end, their argument would require us to craft a rule delaying accrual of a cause of action until a plaintiff has detailed knowledge of the level of culpability of each of the actors involved. This we cannot do. Plaintiffs' injuries and the general cause of those injuries were obvious in the aftermath[.]"). The undersigned Magistrate Judge therefore finds Plaintiff knew or should have known of the available cause(s) of action against Sivard on January 1, 2022, and that the statute of limitations ran on January 2, 2024. *Richter v. Nelson*, 2024 WL 3027409, at *8 (N.D. Okla. June 17, 2024) (The discovery rule "is intended to preserve one's claim when one is unaware of the harm caused; it is not designed to indefinitely delay the limitations clock while the plaintiff collects further evidence and builds the strongest possible case.") (quoting *Alexander*, 382 F.3d at 1217 ("the Oklahoma discovery rule tolls the statute of limitations until an injured party knows of, or in the exercise of reasonable diligence, should have known of or discovered the injury, and resulting cause of action")

(internal quotations omitted)); *Cf.*, *Abeyta v. Warfield*, 2015 WL 13665475, at *4 (D.N.M. Feb. 18, 2015) ("Plaintiffs, however, knew of the police activity at the Orchid Chamber at the time it happened. Moreover, that police activity would have put a reasonable person on notice that the activity caused Plaintiffs to be harmed. Plaintiffs also do not demonstrate that they used reasonable diligence before March 1, 2013, to discover Defendants White and Swanson's involvement in the police activity at the Orchid Chamber."). Accordingly, the undersigned Magistrate Judge finds Plaintiff's claims as to Sivard should be dismissed with prejudice as outside the statute of limitations. *See Rodriguez v. Colorado,* 521 Fed. Appx. 670, 671 (10th Cir. 2013) ("[W]e treat a dismissal without prejudice as a dismissal with prejudice when the statute of limitations has run on the claims.").

B. <u>Leave to Amend</u>.

Plaintiff requests in his Response that, in the event dismissal is granted, he be given leave to amend his Complaint yet again. Plaintiff first moved to amend the original Complaint on December 31, 2024, following the filing of multiple Motions to Dismiss the original Complaint [Docket Nos. 36, 40-43]. The parties opposed the motion, and the undersigned Magistrate Judge denied the motion without prejudice due to Plaintiff's failure to comply with this Court's Loc. Civ. R. 7.1(k) (requiring the motion to amend "be accompanied by a proposed order submitted pursuant to the ECF Policy Manual which specifically sets forth what is being amended[,]" and attaching "a copy of the signed, proposed amended pleading."). Upon Plaintiff's failure to renew his motion to amend after the original Motions to Dismiss were fully briefed, the undersigned Magistrate Judge nevertheless invited Plaintiff to file an Amended Complaint. Plaintiff attempted to do so

on March 4, 2024, but said Amended Complaint was stricken for failure to comply with this Court's instruction to include "[a] redline version of the original complaint ("Complaint") as amended" [Docket Nos. 66-67]. Plaintiff submitted a proper First Amended Complaint as directed by the Court on March 5, 2025 [Docket No. 68]. The undersigned Magistrate Judge finds that Plaintiff's repeated failure to cure deficiencies by amendments previously allowed adheres in favor of denying any additional opportunities to amend. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (leave to amend may be denied for, *inter alia*, "repeated failure to cure deficiencies by amendments previously allowed[.]"). Additionally, in light of the recommendation for dismissal on statute of limitations grounds, the undersigned Magistrate Judge finds that any potential amendment would be futile. *See Anderson v. Suiters*, 499 F3d 1228, 1238 (10th Cir. 2007) ("A proposed amendment is futile if the complaint, as amended, would be subject to dismissal.") (quotation omitted).

## CONCLUSION

Accordingly, the undersigned Magistrate Judge hereby RECOMMENDS that Defendant Tyler Sivard's Motion to Dismiss Plaintiff's First Amended Complaint and Brief in Support [Docket No. 72] be GRANTED and all claims against Defendant Sivard be DISMISSED WITH PREJUDICE. Any objections to this Report and Recommendation must be filed within fourteen days. *See* 18 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Any objections and response shall each be limited to 10 pages and a reply is permitted only with leave of court upon a showing of good cause.

**DATED** this 13th day of June, 2025.

_____
**GERALD L. JACKSON**
**UNITED STATES MAGISTRATE JUDGE**