# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **MARION ALLEN WHITTEN, JR.,** )<br>)<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**MCCURTAIN COUNTY JAIL TRUST,** )<br>**et al.,** )<br>)<br>)<br>Defendants. ) | **Case No. CIV-24-229-RAW-GLJ** |

## **ORDER**

On June 13, 2025, Magistrate Judge Jackson entered four Reports and Recommendations. He recommended that the defendants' motions to dismiss be (1) granted as to some and (2) granted in part as to others.

Plaintiff having filed a timely objection, the court must conduct a de novo review of the issues specifically raised by the objection. The court may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. *See* 28 U.S.C. §636(b)(1); Rule 72(b)(3) F.R.Cv.P.

Plaintiff's objection expressly indicates that it is directed only at Report and Recommendation #88. In the absence of an objection, the district court may review a Magistrate Judge's recommendation under any

standard it deems appropriate. *See Summers v. Utah,* 927 F.2d 1165, 1167 (10th Cir.1991). The undersigned has reviewed the other Reports and Recommendations to satisfy itself that there is "no clear error on the face of the record." Rule 72(b), Advisory Committee Notes. Reports and Recommendations ##85-87 are affirmed on that basis.

The objection is limited to arguing that plaintiff should have been afforded leave to file a second amended complaint. The objection will be denied as the undersigned finds that no proper motion is before the court. Rather, in the concluding paragraph of his response (#76) to the pertinent motion to dismiss, plaintiff prayed that the motion be denied "or, in the alternative, permitting Plaintiff to immediately file a curative, amended complaint." This is insufficient.

The Tenth Circuit holds that "bare requests for leave to amend do not rise to the status of a motion and do not put the issue before the district court." *Brooks v. Mentor Worldwide LLC,* 985 F.3d 1272, 1283 (10th Cir.2021). *See also Brownfield v. Indep. Sch. Dist.,* 2025 WL 1024397, *7 (E.D.Okla.2025).

Still, a court should freely give leave to amend when justice so requires. Rule 15(a)(2) F.R.Cv.P. On the other hand, plaintiff has filed a single objection specifically directed at Report and Recommendaiton

#88. He has therefore waived amendment as to the other three Reports and Recommendations. Accordingly, the court holds that plaintiff is not precluded from filing a proper motion requesting leave to amend, but that the proposed amendments may only concern the allegations as to the defendants which are the concern of that Report and Recommendation, i.e., the McCurtain County Jail Trust, Larry Hendrix in his official capacity, and James McMillen. (Plaintiff has already stated he does not object to the disposition regarding McMillen. (#91 at 2 n.1)).

The court also notes, however, that plaintiff cites older authority stating that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. (#91 at 3 n.3). This standard, from *Conley v. Gibson,* 355 U.S. 41 (1957), has been abrogated by *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007). Before filing a motion seeking leave to amend, plaintiff should judge the adequacy of his proposed amended complaint by the correct standard. Plaintiff also cites pre-*Twombly* authority that motions to dismiss for failure to state a claim are disfavored. (#91 at 3). This too has been questioned in light of *Twombly. See Billingsley v. State of Okla.,* 2014 WL 1745079 n.1 (W.D.Okla.2014).

It is the order of the court that the objection of the plaintiff (#91) is hereby denied. The Reports and Recommendations (##85-88) are affirmed and adopted as the orders of the court, with the slight modification of permitting a formal motion for leave to amend as to the defendants discussed in #88.

The partial motion of defendant Ebert to dismiss (#73) is granted. The disposition of claims against Ebert is set forth in Report and Recommendation #85 at pages 12-13.

The motion to dismiss of defendant Mitchell (#71) is granted in part and denied in part. The disposition of claims against Mitchell is set forth in Report and Recommendation #86 at page 25.

The motion to dismiss of defendant Sivard (#72) is granted. No claims remain pending as to that defendant.

The motion to dismiss of defendants McCurtain County Jail Trust (MCJT), Larry Hendrix in his official capacity, and James C. McMillen (#70) is hereby granted as to MCJT and Hendrix in his official capacity. The motion is hereby denied as moot as to McMillen, that defendant having now been dismissed by joint stipulation. (#79). The claims against Hendrix in his individual capacity (evidently the fourth, fifth, and

sixth causes of action in the first amended complaint) remain pending.

Should plaintiff elect to file a motion for leave to file second amended complaint, the motion should be filed on or before July 25, 2025.

**IT IS SO ORDERED** this 10th day of JULY, 2025.

_____
**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**