# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

MARION ALLEN WHITTEN, JR.,  )
             )
    **Plaintiff,**  )
             )
v.            )  **Case No. CIV-24-229-JFH-GLJ**
             )
MCCURTAIN COUNTY JAIL TRUST; )
LARRY HENDRIX, individually and in )
his official capacity; TRENT   )
MITCHELL; JOE EBERT; and   )
TYLER SIVARDS, individually,  )
             )
    **Defendants.**  )

## REPORT AND RECOMMENDATION

This matter comes before the Court on Motion for Judgment on the Pleadings by Defendant Joe Ebert. Plaintiff Marion Allen Whitten sues, *inter alia*, former jailer Joe Ebert, alleging various Fourth and Fourteenth Amendment violations pursuant to 42 U.S.C. § 1983, arising out of his 2022 incarceration at the McCurtain County Jail in Idabel, Oklahoma. For the reasons set forth below, the undersigned Magistrate Judge recommends that Defendant Joe Ebert's Motion for Judgment on the Pleadings [Docket No. 124] be DENIED.

### I.  PROCEDURAL HISTORY

Plaintiff first filed suit on these events on *January 4, 2023*, by filing a pro se prisoner civil rights claim. *See* Eastern District of Oklahoma Case No. CIV-23-005-JFH-GLJ, Docket Nos. 1-2 ("Original Case"). The original Complaint named Defendants McCurtain

County Jail Trust ("MCJT"), Larry Hendrix, Joe LNU, and J.C. LNU [Original Case, Docket No. 1]. In this Complaint, Plaintiff's sole claim related to a *January 2022* incident alleging that "Joe was night supervisor, he placed me in a restraint chair, then slapped or hit me on the side of my head, ears[.] Larry Hendrix and J.C. [McMillen] were Jail Administrators at time of incident. I put in 2 grievances that were not answered, never turned in to proper personel [sic]." *Id.*, Docket No. 1, p. 5.

On *January 20, 2023*, Plaintiff filed an Amended Complaint, naming Defendants Hendrix, Joe LNU, and Trent Mitchell [*Id.*, Docket No. 6]. In this Amended Complaint, Plaintiff's Claim 1 refers to the January 2022 incident and asserts that, "[w]hile working as supervisor at McCurtain County Jail Trust, Joe LNU, ordered me into a restraint chair for spilling gravy on floor after denying a spoon for two days, became angry [and] striked [sic] me on the ears, head a total of 3 time causing hearing damage, psychological damage." *Id.*, Docket No. 6, p. 5. On *February 14, 2023*, Plaintiff filed a Second Amended Complaint, naming MCJT, Joe *Zappala*, Hendrix, and J.C. "MacMillon" [*Id.*, Docket No. 8]. Plaintiff's first Claim states, "On or about January 2022, [Plaintiff], a prisoner at [MCJT], was ordered into a restraint chair for asking for a spork. Jailor [sic] Joe Zappala then hit plaintiff on the ears[.]." *Id.*, Docket No. 8, p. 5. The Court granted Plaintiff *in forma pauperis* status in this original case, but ultimately dismissed the case on July 13, 2023, for Plaintiff's failure to pay the initial filing fee and failing to advise the Court of his change of address [*Id.*, Docket Nos. 11, 14]. Judgment was entered on July 13, 2023 [*Id.*, Docket No. 15].

Plaintiff, represented by counsel, filed this case on July 5, 2024 [Docket Nos. 1-2], naming numerous Defendants including Ebert. The Court referred this case to the undersigned Magistrate Judge for all pretrial and discovery matters, pursuant to 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72 [Docket No. 49]. Upon invitation by the Court, Plaintiff filed his First Amended Complaint on March 5, 2025 [Docket No. 68], again naming Ebert among others, and it is the operative Complaint in this case.

In broad terms, Plaintiff's First Amended Complaint alleges two separate instances in which force was used against him at MCJT. Plaintiff alleges the first incident occurred on January 1, 2022, when he and Ebert had an argument, at which time Ebert and another detention officer escorted him out of his cell and placed him in a restraint chair. Docket No. 68, pp. 13-14, ¶¶ 79-83. Plaintiff asserts that, immediately after he was placed in the restraint chair, Ebert "unnecessarily and without provocation began to beat Plaintiff about the head and body striking him several times," using excessive force. *Id.*, ¶¶ 83, 85-89. Four days later, Ebert failed to report to work, which was sufficient to consider him terminated. *Id.*, p. 15, ¶¶ 99, 102. The second incident occurred in April 2022, after Ebert's termination as an employee, and therefore does not pertain to Ebert, despite allegations that Ebert was present at this incident. *Id.*, p. 20, ¶¶ 131-138.

Plaintiff initially alleged seven causes of action in his First Amended Complaint: (I) § 1983 claim for a Fourth Amendment violation by use of excessive force, as to **Ebert** and Mitchell; (II) § 1983 claim for a Fourth Amendment violation by failing to intervene to prevent or stop the use of excessive force, as to **Ebert**, Mitchell, and Sivard; (III) § 1983 of failing to adequately train, supervise, and/or control, as to Hendrix in his official capacity

and MCJT; (IV) § 1983 claim for a Fourteenth Amendment violation by deliberate indifference to serious medical needs of a pretrial detainee, as to Hendrix, Mitchell, McMillen, **Ebert**, and Sivard; (V) § 1983 claim for a Fourteenth Amendment violation by deliberate indifference to health and safety of a pretrial detainee, as to Hendrix, Mitchell, McMillen, **Ebert**, and Sivard; (VI) § 1983 claim for a Fourteenth Amendment violation by use of excessive force against a pretrial detainee, as to Hendrix, Mitchell, McMillen, **Ebert**, and Sivard; and (VII) § 1983 municipal liability claim under *Monell*[1] as to MCJT.  After certain motions practice, the following claims remain against **Ebert**:  (1) Count I (Excessive Force), as to the January 2022 incident only; (2) Count V (Deliberate Indifference to Health and Safety of Pretrial Detainee), as to the January 2022 incident only; and (3) Count VI (Excessive Force, Fourteenth Amendment), as to the January 2022 incident only.  *See* Docket Nos. 73, 75, 82, 85, 92.  Ebert now moves for judgment on the pleadings, on statute of limitations grounds.

## II.     Legal Standards

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."  Fed. R. Civ. P. 12(c).  A Motion for Judgment on the Pleadings is evaluated under the same standard as a Fed. R. Civ. P. 12(b)(6) motion to dismiss.  *See, e. g., Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 n.2 (10th Cir. 2002) ("We use the same standard when evaluating 12(b)(6) and 12(c) motions.") (citing *Atlantic Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1160 (10th Cir. 2000)) ("A

---

[1] *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).

motion for judgment on the pleading under Rule 12(c) is treated as a motion to dismiss under Rule 12(b)(6).").

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-557, 570 (2007)). Detailed factual allegations are not required, but the statement of the claim under Rule 8(a)(2) must be "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555); *see generally* Fed. R. Civ. P. 8(a)(2) (complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]").

"While the 12(b)(6) standard does not require that Plaintiff establish a prima facie case in h[is] complaint, the elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim." *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012). Thus, the appropriate inquiry is "'whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed.'" *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007) (quoting *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007)). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a

cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement[.]" *Iqbal*, 556 U.S. at 678.

"When considering Rule 12(c) motions, 'the Court cannot consider any facts or allegations beyond the Complaint or Answer.'" *Goode v. Gaia, Inc.*, 2023 WL 7190732, at *3 (D. Colo. Nov. 1, 2023), *report and recommendation adopted sub nom.* 2024 WL 1509161 (D. Colo. Mar. 29, 2024) (quoting *Chavez-Rodriguez v. City of Santa Fe*, 2008 WL 5992269, at *8 (D.N.M. Oct. 17, 2008)).   Considering documents outside the Complaint ordinarily requires the court to convert a motion into one for summary judgment under Fed. R. Civ. P. 56, *see* Fed. R. Civ. P. 12(e), but an exception to this standard includes facts subject to judicial notice.  "[F]acts subject to judicial notice may be considered in a Rule 12(b)(6) motion without converting the motion to dismiss into a motion for summary judgment.  This allows the court to take judicial notice of its own files and records, as well as facts which are a matter of public record." *Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006) (quotations omitted).  A fact subject to judicial notice is one that is "not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201.  As such, the Court may take judicial notice of both its own docket sheets and other state or federal court docket sheets. *United States v. Ahidley*, 486 F.3d 1184,1192, n. 5 (10th Cir. 2007) ("We may exercise our discretion to take judicial notice of publicly-filed records in our court and certain other courts concerning matters that bear directly upon the disposition of the case at hand.").  A court may also take judicial notice of other courts' files and records as facts

"capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *See Hansen v. Harper Excavating, Inc.*, 641 F.3d 1216, 1219 n.2 (10th Cir. 2011) (quoting Fed. R. Evid. 201(b)(2)). And the court may take judicial notice of filings in related cases. *St. Louis Baptist Temple, Inc. v. FDIC*, 605 F.2d 1169, 1172 (10th Cir. 1979).

## III. ANALYSIS

Ebert contends the remaining claims against him are barred by the statute of limitations, and that relation back does not apply, because he was never named in the Original Case. [2] Plaintiff argues that the Original Case did include Ebert, and the savings statute therefore applies.

A. Statute of Limitations and Oklahoma's Savings Statute.

The statute of limitations for § 1983 cases is determined by state law; in Oklahoma, it is two years. *See Herrera v. City of Espanola,* 32 F.4th 980, 989 (10th Cir. 2022) ("[A] federal court looks to the law of the forum state to determine the applicable statute of limitations for a § 1983 action. Typically, this entails looking toward the state statute of limitations for personal injury claims."); *Lawson v. Okmulgee Cnty. Crim. Just. Auth.*, 726 Fed. Appx. 685, 690 (10th Cir. 2018) ("We have determined, as a matter of law, that every § 1983 claim is in essence an action for injury to personal rights, and thus apply the most analogous Oklahoma statute, which provides a two-year limitations period.") (quotation omitted) (citing Okla. Stat. tit. 12, § 95(A)(3) ("Civil actions . . . can only be brought within

---

[2] The undersigned Magistrate Judge notes that Ebert did not even raise this argument in his original Motion to Dismiss filed in this case. *See* Docket No. 73.

[two years] after the cause of action shall have accrued, and not afterwards . . . for injury to the rights of another."). The accrual date, in contrast, is a matter of federal law and determines "when the plaintiff can file suit and obtain relief." *Herrera*, 32 F.4th at 990 (internal quotations omitted). Plaintiff alleges the first incident with Ebert took place on January 1, 2022, meaning that Plaintiff originally had until January 1, 2024, in which to file a lawsuit on that claim. Plaintiff's Original Case, filed on January 4, 2023, named Joe LNU in the original and Amended Complaint, then Joe Zappala in the Second Amended Complaint (filed February 14, 2023). The Original Case was dismissed July 13, 2023. *See* Case No. CIV-23-05-JFH-GLJ, Docket Nos. 1, 6, 8, 14-15. Any claims brought pursuant to the savings statute thus had to be filed by July 13, 2025. Plaintiff filed the present case on July 5, 2025. Docket Nos. 1-2.

"Oklahoma's savings statute, 12 Okla. Stat. tit. § 100, affords civil plaintiffs an additional year to refile if a case fails other than on the merits after the original limitations period has expired." *Eastom v. City of Tulsa*, 563 Fed. Appx. 595, 596 (10th Cir. 2014) (citing *Twashakarris, Inc. v. INS,* 890 F.2d 236, 237 (10th Cir. 1989); *Grider v. USX Corp.,* 1933 OK 13, ¶ 6, 847 P.2d 779, 783)). The Tenth Circuit has applied Oklahoma's savings statute to § 1983 claims. *See Eastom*, 783 F.3d at 1184 (citations omitted). Plaintiff contends the savings statute applies here and raises this in his First Amended Complaint by noting the relevant dates of the Original Case. Docket No. 68, p. 2, ¶¶ 3-6. *Herrera*, 32 F.4th at 991 ("If from the complaint, the dates on which the pertinent acts occurred are not in dispute, [then] the date a statute of limitations accrues is . . . a question of law suitable for resolution at the motion to dismiss stage.") (quotation omitted).

Federal law requires that "[e]very pleading must have a caption with the court's name, a title, a file number, and a Rule 7(a) designation. The title of the complaint must name all the parties." Fed R. Civ. P. 10(a). Notwithstanding the clear requirement of Fed. R. Civ. P. 10(a) to "name all the parties" in the caption of the complaint, the Tenth Circuit has held that "a party not properly named in the caption of a complaint may still be properly before the court if the allegations in the body of the complaint make it plain the party is intended as a defendant." *Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996). In Plaintiff's Original Case, he names Joe LNU in the original and Amended Complaints, and Joe Zappala in the Second Amended Complaint, and includes facts related to the restraint chair incident, and Ebert's job title as night supervisor. *See* Docket Nos. 1, 6, 8; *Tracewell v. Silver*, 2017 WL 58841, at *3 (N.D. Okla. Jan. 5, 2017) ("Federal district courts in Oklahoma have similarly construed complaints to include people who are not listed in the caption, but whose actions are alleged elsewhere in the complaint, as party defendants."); *cf. Morris v. City of Sapulpa*, 2010 WL 3733527, at *4 (N.D. Okla. Sept. 17, 2010) ("Given the paucity of Oklahoma law on this subject, the interpretation of [12 Okla. Stat. § 994] by other courts, and the liberal construction afforded the savings statute by Oklahoma courts, this Court will not hold that dismissal of one party from an action on the merits precludes that party's inclusion in a later refiling for purposes of section 100.") (internal citation omitted).

The undersigned Magistrate Judge notes Ebert's argument that Ebert was not named because Plaintiff named, at best, Joe LNU, and fictitious defendants may not be used to toll the statute of limitations. *See, e.g. Horrell v. Cherokee Cnty. Governmental Bldg. Auth.*,

2024 WL 4493883, at *3 (E.D. Okla. Apr. 2, 2024) ("Also pertinent here, naming a John Doe defendant in the caption of a complaint does not toll the statute of limitations.") (quotation omitted), *report and recommendation adopted*, 2024 WL 4346715 (E.D. Okla. Sept. 30, 2024).  The undersigned Magistrate Judge therefore finds that naming "Joe LNU," *along with* a description of dates and a job title is distinguishable from simply naming a "Doe" Defendant or nameless Defendant.

The undersigned Magistrate Judge therefore finds, under *Mitchell*, 80 F.3d at 1441, and upon considering Plaintiff's pro se status in the Original Case, that Ebert is properly named as a Defendant in this case because the allegations of the Original Case Complaint are sufficiently distinguishable from those against a "John Doe" defendant.  The body of the original Complaint in the Original Case, filed on January 4, 2023, and for which Judgment was not entered until July 13, 2023, makes it plain Ebert was intended as Defendant "Joe LNU" in the Original Case Complaint.  *See* Original Case, Docket Nos. 1, 15.  The undersigned Magistrate Judge thus construes the Original Case as inclusive of Ebert because it is clear Plaintiff intended him as a Defendant.  The savings statute therefore should be applied to Plaintiff's claims against Ebert.

Defendant contends that even if the savings statute would have applied as to Ebert, it does not save Plaintiff's claims against him here because "Joe Zappala" was substituted for "Joe LNU" on February 14, 2023.  Rather than applying the Judgment date in the Original Case of July 13, 2023, in applying the saving statute, Ebert argues the savings statute expired as to himself on February 14, 2024, one year after Joe Zappala was substituted for Joe LNU.  However, "[i]n Oklahoma, as in federal practice, an action is

commenced by plaintiff's filing an initial pleading (either a complaint or petition), Fed. R. Civ. P. 3; Okla. Stat. tit. 12, § 2003; and ends as to fewer than all parties in a multiparty action only if the court directs the entry of a final judgment as to one or more parties and makes an express determination that there is no just reason for delay, Fed. R. Civ. P. 54(b); Okla. Stat. tit. 12, § 994." *Hagy v. American Honda Motor Co.*, 125 F. Supp. 2d 456, 459 (W.D. Okla. 2000). The undersigned Magistrate Judge agrees with the Northern and Western Districts of Oklahoma in finding that "this Court 'knows of no authority holding that a plaintiff may not include all prior defendants in the new case,' and 'in the absence of Oklahoma authority squarely on this point, we follow the federal jurisprudence.'" *Morris*, 2010 WL 3733527, at *4 (quoting *Hagy*, 125 F. Supp. 2d. at 459). The Oklahoma savings statute therefore applies to Plaintiff's claims against Mitchell, and the motion for judgment on the pleadings should therefore be denied.

## IV.    CONCLUSION

Accordingly, the undersigned Magistrate Judge hereby RECOMMENDS that Defendant Joe Ebert's Motion for Judgment on the Pleadings [Docket No. 124] be DENIED. Any objections to this Report and Recommendation must be filed within fourteen days. *See* 18 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Any objections and response shall each be limited to 10 pages and a reply is permitted only with leave of court upon a showing of good cause.

**DATED** this 10th day of April, 2026.

_____
**GERALD L. JACKSON**
**UNITED STATES MAGISTRATE JUDGE**

-11-